In the Matter of PAUL A. WEISS, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, November 25, 1991

## APPEARANCES OF COUNSEL

*Frank A. Finnerty, Jr. (Grace D. Moran* of counsel), for petitioner.

*Paul A. Weiss,* respondent *pro se.*

### OPINION OF THE COURT

Per Curiam.

In this proceeding, the Special Referee sustained the four

charges of professional misconduct against the respondent. The petitioner moves to confirm the report of the Special Referee, and the respondent cross-moves to confirm the report to the extent that it sustains Charges One and Three, to disaffirm the report to the extent that it sustains Charges Two and Four, and for the imposition of a public censure.

After reviewing all of the evidence, we are in agreement with the report of the Special Referee to the extent that it sustained Charges One and Three. Charges Two and Four were not sustained by the evidence.

Charge One alleged that the respondent converted escrow moneys belonging to his client. In or about 1982, the respondent was retained by a disbarred attorney to pursue an application for reinstatement to the New York Bar. His client's disbarment was based upon a finding of the conversion of estate funds. In or about 1983, in furtherance of the application for reinstatement, the disbarred attorney opened an interest-bearing escrow account for the payment of restitution of the estate funds, naming the respondent as escrowee. On June 28, 1985, the respondent withdrew $3,050 from the escrow account, without the consent of his client, for his own use and benefit.

Charge Three alleged that the respondent failed to maintain escrow moneys in an escrow account and converted escrow funds. The respondent was retained to represent a husband in a divorce action. On May 13, 1985, the wife issued two certified checks in the amounts of $5,000 and $1,000, respectively, each check payable to the respondent and his client. On May 16, 1985, the respondent deposited the two checks into his account at the Manufacturers Hanover Trust Co., entitled "Paul A. Weiss, attorney-at-law". Between May 31, 1985, and June 20, 1985, the balance in the respondent's account was less than his client's interest in it. On June 7, 1985, the respondent issued a check to his client in the amount of $2,950, drawn on that account, which was subsequently returned for insufficient funds. On June 28, 1985, after his client demanded payment, the respondent went to the National Westminster Bank, where he maintained an account designated "Paul Weiss Escrow", and withdrew $2,950, in the form of a cashier's check, payable to his client, and $100 in cash which the respondent kept. This withdrawal was made against funds held in escrow for another client.

The respondent is guilty of the misconduct set forth in

Charges One and Three. The petitioner's motion to confirm the report of the Special Referee is granted only to the extent that it sustains Charges One and Three and is otherwise denied. Those branches of the respondent's cross motion which are to confirm the Referee's report with respect to Charges One and Three, and disaffirm the Referee's report with respect to Charges Two and Four are granted, and Charges Two and Four are dismissed. However, that branch of the respondent's cross motion which is for imposition of a public censure is denied.

In determining an appropriate measure of discipline to be imposed, we have taken into consideration the respondent's prior disciplinary history which includes two letters of admonition issued on June 29, 1984. One admonition was for failure to maintain adequate escrow records, a failure to communicate with other attorneys, and a failure to cooperate with the Grievance Committee. The second admonition was, *inter alia,* for misrepresenting that title to certain property was in his client's name. The respondent is guilty of serious professional misconduct. Accordingly, the respondent is disbarred forthwith.

MANGANO, P. J., THOMPSON, BRACKEN, KUNZEMAN and O'BRIEN, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted to the extent that it seeks to sustain Charges One and Three and is otherwise denied; and it is further,

Ordered that those branches of the respondent's cross motion which are to confirm the Referee's report with respect to Charges One and Three and to disaffirm the Referee's report with respect to Charges Two and Four are granted, and Charges Two and Four are dismissed; and it is further,

Ordered that that branch of the cross motion which is for the imposition of a public censure is denied; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent Paul A. Weiss is disbarred and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent shall promptly comply with this court's rules governing the conduct of disbarred, suspended and resigned attorneys (22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective

immediately, the respondent Paul A. Weiss is commanded to desist and refrain (1) from practicing law in any form, either as principal or as agent, clerk or employee of another, (2) from appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) from giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) from holding himself out in any way as an attorney and counselor-at-law.